IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PROSPECT CAPITAL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| NUCOMER ENERGY, LLC, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Prospect Capital Corporation ("Prospect") files this Complaint against Defendant Nucomer Energy, LLC ("Nucomer") seeking payment of $86,853, as well as additional payments in respect of Prospect's overriding royalty interests (as described below), each of which is due and owing by Nucomer to Prospect pursuant to the Confidential Unsold Assets Disposition Agreement (the "CUADA"), dated December 1, 2016 (the "Effective Time"), by and among Prospect, Nucomer, Stryker Energy LLC ("Stryker"), and ZB, N.A.  A true and correct copy of the CUADA is attached hereto as Exhibit A.  Prospect also seeks interest on these amounts, as well as the attorney's fees and costs Prospect has incurred in connection with the enforcement of its rights under the CUADA.  Prospect respectfully alleges and avers as follows:

## PARTIES

1.     Plaintiff Prospect Capital Corporation is a Maryland corporation with its principal place of business in New York, New York.

2.     Defendant Nucomer Energy, LLC is a Pennsylvania limited liability company whose members, upon information and belief, do not reside in Maryland or New York.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorney's fees and costs.

4.      Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to contract where "each party hereby irrevocably and unconditionally waives, to the fullest extent…any objection…to the venue of any suit, action or proceeding arising out of or relating to this Agreement in any state or federal court sitting in Houston, Texas."  (Ex. A (CUADA) § 9(g)(ii) (capitalization altered).)

5.      Nucomer further agreed to the jurisdiction of this Court.  (Ex. A (CUADA) § 9(g)(i) ("each party hereby irrevocably and unconditionally submits to the exclusive jurisdiction of any Texas State Court or Federal Court of the United States of America sitting in Houston in the State of Texas" (capitalization altered).)

## FACTUAL ALLEGATIONS

6.      The parties entered into the CUADA on or about December 1, 2016, in connection with Nucomer's acquisition of certain assets from Stryker (the "Sale") pursuant to the Asset Purchase and Sale Agreement (the "APSA") dated as of December 1, 2016, by and among Nucomer, as "Buyer", and Stryker, as "Seller".  A true and correct copy of the APSA is attached hereto as Exhibit B.  Capitalized terms that are used but not defined herein shall have the meanings given to them in the APSA.

7.      Pursuant to Article II of the APSA, Nucomer acquired, among other assets, (1) Stryker's interest in certain Wells and Leases relating to the production of Hydrocarbons, as well as (2) Stryker's rights to funds in the Herkimer Escrow (each capitalized term as defined in

Schedule 1 to the APSA), subject to the terms and conditions set forth in Section 2.2(e) and the last paragraph of Section 2.4 of the APSA.

## The Herkimer Escrow Funds

8.      Under Section 2.4 of the APSA, Nucomer agreed (a) to pay to Stryker the first $50,000 that Nucomer received from the Herkimer Escrow (unless Stryker received that amount directly from the Herkimer Escrow), and (b) to pay to Prospect the next $86,853 that Nucomer received from the Herkimer Escrow.

9.      Relatedly, Nucomer agreed in Section 5(b) of the CUADA, to "pay to Prospect up to $86,853 from the funds released to Nucomer from the Herkimer Escrow…to the extent required to do so pursuant to the final paragraph of Section 2.4 of the APSA".

10.     Nucomer further agreed in Section 5(b) of the CUADA that "Nucomer shall notify Prospect in writing promptly following each release of funds from the Herkimer Escrow…specifying the amount of each such release, until the full $86,853 contemplated by the final paragraph of Section 2.4 of the APSA is paid to Prospect in accordance therewith".

11.     On March 10, 2017, the judge presiding in the bankruptcy case captioned *in re: Norse Energy Corp. USA*, Case No. 12-13685B, pending in the United States Bankruptcy Court, Western District of New York, issued a signed order authorizing the release of the funds in the Herkimer Escrow.  Court filings in the case indicate that, shortly thereafter, approximately $276,000 from the Herkimer Escrow was distributed to Nucomer.

12.     Over the next four months, Nucomer and its counsel repeatedly ignored Prospect's requests for information concerning the release of funds from the Herkimer Escrow.

13.     On July 28, 2017, Prospect sent a formal letter to Nucomer demanding that Nucomer comply with its obligations under the CUADA and APSA and immediately pay to

Prospect the $86,853 to which Prospect is entitled.  A true and complete copy of Prospect's demand letter to Nucomer, dated July 28, 2017, is attached as <u>Exhibit C</u>.

14.     On August 16, 2017, Nucomer's counsel sent a letter to Prospect acknowledging that the demanded amount of $86,853 is now due and owing by Nucomer to Prospect, and stating that "[Nucomer] fully intends to satisfy its obligations under the [APSA]".  A true and complete copy of this letter from James B. Toohey, dated August 16, 2017, is attached as <u>Exhibit D</u>.

15.     In response to the letter from Nucomer's counsel, Prospect renewed its demand for payment.  A true and complete copy of Prospect's second demand letter, dated August 31, 2017, is attached as <u>Exhibit E</u>.

16.     As of the date of this filing, Nucomer has not paid any portion of the $86,853 that it owes to Prospect.

## Prospect's Overriding Royalty Interest

17.     Prior to the Sale, Prospect owned overriding royalty interests with respect to the production of Hydrocarbons attributable to Stryker's interests in each of the Wells.  These overriding royalty interests are referred to collectively as the "Prospect ORRI" in the CUADA, and as the "Prospect Capital ORRI" in the APSA.  (*See* Ex. A (CUADA) § 5(a); Ex. B (APSA) at Schedule 1-v.)

18.     In the last paragraph of Section 4 of the APSA, Nucomer expressly acknowledged and agreed that it is "assuming [Stryker's] obligation to account to [Prospect] for revenues accruing to the Prospect Capital ORRI with respect to production of Hydrocarbons from the Wells, including the Herkimer Wells, after the Effective Time".

19.     Similarly, in Section 5(a) of the CUADA, Nucomer expressly acknowledged and agreed that the Prospect ORRI "(i) shall be treated as a true and absolute conveyance of a

property interest to Prospect and will be retained by Prospect as a property interest separate and distinct from the Sold Assets or the Unsold Assets . . . and (iii) shall continue to be paid to Prospect pursuant to its terms to the extent production revenue attributable to the Prospect ORRI is collected by or on behalf of Stryker, Nucomer or any other party".

20.     More than nine months have passed since the Sale and, as of the date of this filing, Nucomer has not made a single payment to Prospect in respect of the Prospect ORRI.

**Attorney's Fees and Costs**

21.     Pursuant to Section 9(m) of the CUADA, Nucomer is obligated to compensate Prospect for all "direct, foreseeable, actual damages" and "out-of-pocket costs" that Prospect incurs as a result of Nucomer's breach of its contractual obligations, including but not limited to "reasonable attorneys' fees,…pre-judgment interest and post-judgment interest".

**<u>Count I – Breach of Contract</u>**

22.     Prospect adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

23.     The CUADA is a valid, enforceable and binding contract.

24.     Prospect has performed all of its obligations under the CUADA, and all conditions precedent to Nucomer's required performance under the CUADA have been satisfied.

25.     Nucomer breached Section 5(b) of the CUADA by (1) failing to promptly notify Prospect in writing of the release of funds from the Herkimer Escrow, and (2) failing to promptly pay to Prospect $86,853 of the funds that Nucomer received from the Herkimer Escrow.

26.     Nucomer's breach of the CUADA caused and is continuing to cause Prospect to suffer actual and consequential damages.  Nucomer is therefore required to pay to Prospect the

amount of $86,853, plus interest thereon, as well as all costs and attorney's fees incurred by Prospect arising from Nucomer's breach.

## Count II – Breach of Contract

27.    Prospect adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

28.    The CUADA is a valid, enforceable and binding contract.

29.    Prospect has performed all of its obligations under the CUADA, and all conditions precedent to Nucomer's required performance under the CUADA have been satisfied.

30.    Nucomer breached Section 5(a) of the CUADA by failing to make payments to Prospect in respect of the Prospect ORRI.

31.    Nucomer's breach of the CUADA caused and is continuing to cause Prospect to suffer actual and consequential damages.  Nucomer is therefore required to pay to Prospect the full amount of money that is due and owing to Prospect in respect of the Prospect ORRI, plus interest thereon, as well as all costs and attorney's fees incurred by Prospect arising from Nucomer's breach.

## Count III – Conversion

32.    Prospect adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein

33.    Prospect owned, possessed, or had the right to immediate possession of $86,853 of the Herkimer Escrow funds that were released to Nucomer, as well as of the Prospect ORRI in an amount to be proven at trial.  Nucomer wrongfully exercised dominion and control over these funds by failing and refusing to pay to Prospect $86,853 immediately upon Nucomer's receipt of the funds released from the Herkimer Escrow, as well as the Prospect ORRI, as required by

Sections 5(b) and 5(a) of the CUADA, respectfully.  Nucomer's wrongful possession and control of these funds has proximately caused damage to Prospect.

34.     Despite multiple notices and demands, Nucomer has refused to pay Prospect the $86,853 from the Herkimer Escrow funds that rightfully belong to Prospect.  Accordingly, Nucomer's conversion of the $86,853 is willful and intentional.  Prospect is therefore entitled to exemplary damages.

### Count IV – Money Had and Received

35.     Prospect adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

36.     Nucomer received approximately $276,000 from the Herkimer Escrow, of which $86,853 belongs to Prospect.  Nucomer now holds $86,853, which, in equity and good conscience, belongs to Prospect.  Nucomer also now holds the Prospect ORRI in an amount to be proven at trial, which, in equity and good conscience, belongs to Prospect.

37.     Prospect is entitled to actual damages in an amount no less than $86,853 plus interest, or in such amount that this Court determines is fair and equitable, plus interest, costs, and attorney's fees.

38.     Nucomer secretly began holding Prospect's money beginning on or about March 10, 2017 when it failed to notify Prospect that any mounts had been distributed from the Herkimer Escrow.  Upon Prospect's discovery of the money being held by Nucomer, Nucomer continued to refuse to release the $86,853, despite notice and demands to do so.  Similarly despite Prospect's demands, Nucomer has failed to and refuses to pay the Prospect ORRI to Prospect.  Accordingly, Nucomer's withholding of Prospect's money is willful and intentional. Prospect is therefore entitled to exemplary damages.

7

## EXEMPLARY DAMAGES

39.     Prospect adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

40.     Through Nucomer's knowing, willful and intentional commission of the tortious acts and omissions described above, Prospect has demonstrated Nucomer's specific intent to cause injury or harm to Prospect.  Prospect requests an award of exemplary damages.

## ATTORNEY'S FEES, COSTS, PRE- AND POST- JUDGMENT INTEREST

41.     Prospect adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

42.     As a result of Nucomer's conduct, it has been necessary for Prospect to engage attorneys at Prospect Administration LLC, a third-party administrator, and at Buck Keenan LLP, to prosecute this action and protect its rights.  Accordingly, pursuant to Section 9(m) of the CUADA, Prospect is entitled to "reasonable attorneys' fees, . . . pre-judgment interest and post-judgment interest."

**WHEREFORE**, Prospect respectfully requests that this Court enter a judgment:

a.  finding Nucomer in breach of Section 5(b) of the CUADA and awarding Prospect $86,853;

b.  finding Nucomer in breach of Section 5(a) of the CUADA and awarding Prospect the Prospect ORRI in an amount to be proven at trial;

c.  finding Nucomer converted funds belonging to Prospect and awarding Prospect $86,853 and the Prospect ORRI in an amount to be proven at trial;

d.  finding Nucomer holds money, which in equity and good conscience, belongs to Prospect and awarding Prospect $86,853 and the Prospect ORRI in an amount to be proven at trial;

e.  finding Prospect is entitled to exemplary damages;

f.  awarding Prospect pre-judgment and post-judgment interest at the statutory rate;

g.  awarding Prospect costs and attorney's fees pursuant to Section 9(m) of the CUADA; and

h.  awarding Prospect such further relief as the Court deems necessary and proper.

Dated: September 22, 2017

Respectfully submitted,

/s/      *William A. Gage, Jr.*
William A. Gage, Jr.
Texas Bar No.  07566580
BUCK KEENAN LLP
2229 San Felipe St #1000
Houston, Texas 77019
(713) 225-4500

*Counsel for Prospect Capital Corporation*